PEARSON, TILLMAN, Chief Judge.
We have further considered this cause on rehearing granted and now recede from the original opinion filed December 20, 1962. That opinion is withdrawn and the following is substituted therefor.
This is an appeal by a plaintiff from a final decree for the defendant in an action brought to enforce an arbitration award. The Honorable J. Edwin Larson, receiver of the Pan American Surety Company, has been substituted as party appellee in this cause. The final decree was entered at the conclusion of the trial and is based upon findings of the chancellor that the arbitration award was not properly subject to enforcement in a court of chancery because of errors in procedure and deficiencies in the proof before the arbitrators.
The appellant, Arnold’s Restaurant, Inc., entered into a contract with Kalani Displays, Inc., to perform certain alterations and construction work. Disputes arose during the performance of the work and the contractor was either discharged or abandoned the work.
The owner then made claim upon the Pan American Surety Company upon its bond by w'hich it undertook to guarantee the faithful performance of the contract and also guaranteed payment of all laborers, materialmen and sub-contractors. The surety denied liability and, under a requirement of the bond, the dispute was referred to three arbitrators. This agreement made no reference to the provisions of the Florida arbitration statutes. See Chapter 57, Fla. Stat., F.S.A.
The arbitrators made an award to the owner, and when the surety company failed to pay the amount of the award, the owner instituted the instant action. Because the award included other matters than the payment of money, the owner chose to seek enforcement in a court of equity. The surety company answered and prayed for affirmative relief upon the ground that the arbitrators had not proceeded in accordance with law and asked that the award be set aside. After trial the chancellor entered a decree granting the counterclaim.
Submission oí a disagreement to arbitration in Florida may proceed under the common law or under the provisions of Chapter 57, Fla.Stat., F.S.A. The record in this cause shows that the arbitration here involved did not proceed in accordance with the requirements of Chapter 57 in that the statement of the agreement of matters to be arbitrated with the names of the arbitrators was not made a “rule of court” as required by § 57.02, Fla.Stat., F.S.A. Thus the proceedings were under the common law.
Under the applicable section of the statute, a statutory arbitration award may be set aside by a court only on the ground of fraud, corruption, gross negligence or misbehavior of one or more of the arbitrators or umpire, or evident mistake acknowledged by the arbitrators or umpire. § 57.07, Fla. Stat., F.S.A. No such clear-cut guidelines exist as to when a court may examine and set aside a common-law arbitration award. In National Hotel, Inc. v. Koretzky, Fla.1957, 96 So.2d 774, our Supreme Court has indicated that “ * * * the attack on [a common law] award may be based on a charge that the arbitrators erroneously applied rules of law in arriving at their decision.” [Emphasis supplied] It is to be noted that this statement is not exclusive and thus does not establish the only ground of review and modification.
We recognize that arbitration is an important aspect of a modern, commercial society- — fulfilling an important need in settling disputes without having to resort to the courts. Therefore, whenever possible, an arbitration award should be considered a final determination. At times, however, other considerations preponderate. As stated in Cassara v. Wofford, Fla.1951, 55 So.2d 102, 106 and cases cited therein:
“It has been stated that ‘The essence of arbitration is its freedom from the formality of ordinary judicial proce *382 dure.’ See Sapp v. Barenfeld, 34 Cal.2d 515, 212 P.2d 233, 237. But an arbitration proceeding, even though informal in nature, is nonetheless a judicial, or quasi-judicial, procedure; and it is universally held that in arbitration proceedings, as in all judicial proceedings, persons whose rights and obligations are affected thereby have an absolute right to be heard and to present their evidence, after reasonable notice -of the time and place of the hearing; and that failure of the arbitrators to give notice and an opportunity to be heard is such misconduct or misbehavior as will vitiate an award, irrespective of the fact that there may have been no corrupt intention on the part of the arbitrators.”
Even though the Cassara case involved a statutory arbitration proceeding, there is no reason why the rationale set forth above does not apply to a common-law proceeding. Further, a federal court in explicit terms has stated that “The universal rule in common-law arbitrations is that the parties are entitled to be heard, after reasonable notice, upon the subject matter in dispute.” Citizens Bldg. of West Palm Beach, Inc. v. Western Union Tel. Co., 120 F.2d 982, 984 (5th Cir., 1941). The rationale,of these ■cases and the diligent pursuit of a common-law sense approach to the law would require •a court to review the findings of arbitrators where persons whose rights and obligations could be affected were not given notice of the proceedings and did not participate therein.
At first glance, the facts of this case appear to fall squarely within the rule heretofore stated. The contractor was jointly liable with the surety under the performance "bond. The record could indicate that the ■contractor who is not a party to this cause was neither given notice of, nor appeared at, the arbitration proceedings. Be that as it may, we hold that the chancellor should not have tried the matter de novo. This holding is required by the statement of the Supreme Court of Florida in Ogden v. Baile, 73 Fla. 1103, 75 So. 794, to the effect that a party to an arbitration proceeding is estopped from securing any benefit from a ground which might have previously been invoked to have an award set aside when such point is not raised until after an award.
Assuming arguendo that the arbitrators’ award could have been set aside in the instant case because of lack of notice to an interested party, we hold that under the Ogden case the surety company, which was a party to the arbitration proceedings, cannot raise a lack of notice to the contractor subsequent to such proceedings. Therefore, no valid ground having been timely raised permitting the chancellor to re-examine the merits of the situation, the arbitration award was entitled to the finality necessary to allow such proceedings to eliminate litigation as intended.
The decree of the chancellor is reversed and the cause is remanded with directions to enter a decree upon the award of the arbitrators.
Reversed and remanded.