164 So.2d 270 (1964)
GAINES CONSTRUCTION CO., a Florida corporation, Appellant,
v.
CAROL CITY UTILITIES, INC., a Florida corporation, Appellee.
No. 62-696.
District Court of Appeal of Florida. Third District.
Order July 22, 1963.
Opinion May 26, 1964.
*271 L.J. Cushman, Carr & Warren, Miami, Lewis Horwitz, Miami Beach, for appellant.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl and Richard A. Pettigrew, Miami, for appellee.
Before CARROLL, HORTON and TILLMAN PEARSON, JJ.

Order
Pursuant to the Peremptory Writ of the Supreme Court of Florida dated July 11, 1963 now lodged in this court, it is ordered that this court's order dated December 18, 1962, wherein this appeal was dismissed, is vacated and this appeal is hereby reinstated and shall proceed to a final determination.

On the Merits
PER CURIAM.
This appeal is from two orders entered by the Circuit Court of Dade County which denied appellant's application to vacate an arbitration award and discharge an arbitrator and also ratified and confirmed the award.
The appellant originally sued the appellee to recover upon two accounts growing out of certain work allegedly done by the appellant for the appellee. The appellee answered the complaint and affirmatively pled that the parties had entered into an arbitration agreement. Simultaneously with the filing of the answer, the appellee filed a motion pursuant to § 57.12, Fla. Stat., F.S.A.; to compel arbitration and to stay proceedings in the cause. The court upon appellee's motion entered an order requiring the parties to proceed to arbitration and staying the cause. In accordance with the arbitration agreement, each of the parties submitted a statement of position and the court, on January 31, 1962, entered an order requiring that the arbitrator make and deliver his findings and determination of award not later than May 9, 1962. The award was not filed on May 9, 1962, but the arbitrator filed a motion, on May 14th, requesting an extension of fifteen days from May 9th within which to make his award. Subsequently, on May 21, 1962, the award not having been filed, the arbitrator filed a second motion in which he alleged that he had reached an impasse and that it was impossible for him to make a finding and award and requested that he be discharged.
On June 1, 1962, the appellant filed a motion to discharge the arbitrator upon the ground that because of partiality toward the appellee the arbitrator could not make a fair and impartial award. Attached to the motion to discharge the arbitrator was an affidavit by an officer of the appellant corporation which charged that the arbitrator was under the domination and control of an officer and/or stockholder of the appellee corporation, rendering the arbitrator unable to make a fair and impartial award. Simultaneously with the filing of the motion by appellant to discharge the arbitrator, the arbitrator filed his findings and award with the clerk of the circuit court. Eight days later, on June 9, 1962, the appellant, pursuant to § 57.22, Fla. Stat., F.S.A., filed an application to vacate the award and to discharge the arbitrator. This application was supported by the affidavits of an officer of the appellant corporation and its attorney. An officer and/or stockholder of the appellee corporation, as *272 well as the arbitrator, filed affidavits in opposition to the motion to vacate the award. After hearing on the motion to vacate, the court, on October 11, 1962, denied the application to vacate the award, affirmatively ratified and approved the same, and ordered the payment of a stipulated sum to the appellant. This order was further modified by an order dated November 2, 1962, in which the sum of money set forth in the order of October 11, 1962, was deleted and the parties were directed to proceed in accordance with the provisions of the findings and award of the arbitrator. It is from the orders of October 11 and November 2, 1962, respectively, that this appeal has been prosecuted.
It is the appellant's contention that the arbitrator was guilty of misconduct and so completely dominated and controlled by a stockholder and/or officer of the appellee corporation as to render him incapable of making an impartial award. Without delineating the facts contained in the affidavits of the respective parties, suffice it to say that there was a sufficient showing made to justify a vacation of the award.
There are two types of arbitration recognized in Florida. One is common law and the other statutory. This was the latter. Under § 57.22, supra, several grounds for vacating an award are delineated among which are "evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party." In Cassara v. Wofford, Fla. 1951, 55 So.2d 102, 105, the Supreme Court of Florida in a statutory arbitration proceeding, said:
"The law is well settled that arbitrators exercise judicial functions; and, while not eo nomine judges they are in fact judicial officers. `It therefore becomes of the utmost importance that in statutory proceedings of this character, where the rights of parties are adjudicated, not by trained lawyers and judges, but by fellow business men, every safeguard possible should be thrown about the proceedings to insure the utmost fairness and impartiality of those charged with the determination of the rights of the parties.'" [Emphasis supplied.]
In the Cassara case it was charged that the arbitrator selected by one of the parties and the umpire had conferred with one of the parties and their agents without notice to the other party and in the absence of the arbitrator selected by the other party. This conduct was found to constitute a prima facie case of "Misbehavior" and sufficient to justify setting aside the award. In 5 Am. Jur., Arbitration and Award, § 98, p. 594, we find the following:
"Conduct showing bias or partiality amounts in law to misconduct which will warrant the setting aside of an award.
"Generally, to disqualify an arbitrator it need not be shown that bias influenced his judgment, but only that there was a circumstance tending to bias that judgment." [Emphasis supplied.]
In this instance we do not find that the arbitrator was motivated by corrupt or illegal motives, but that he was susceptible, under the facts disclosed, to having his judgment biased by his conduct toward and his association with an officer and/or stockholder of the appellee corporation during the course of the arbitration.
Both parties in this instance were aware of the fact that the arbitrator was an employee of one and had a financial interest in the business of the other, but obviously felt that such interest as he possessed would not prejudice his judgment in the matter. It was his subsequent conduct after his appointment as arbitrator which gave rise to the charge and we think the charge was justified. An arbitrator is required to be no less impartial than a juror sitting in the trial of a cause. If he fails *273 in this his usefulness as an arbitrator is destroyed.
Accordingly, the orders appealed are reversed and the cause is remanded with directions that the court proceed in accord with the provisions of § 57.13, Fla. Stat., F.S.A.
Reversed and remanded with directions.