ANDREWS, Acting Chief Judge.
Leonard Kest, defendant, appeals an order denying his motion for confirmation of *691 an arbitration award made against David Nathanson et ux.
Leonard Kest entered into an agreement for the construction of a custom built home for David Nathanson and Helen Nathan-son. A dispute arose after the construction was substantially completed. The parties entered into an agreement to arbitrate which acknowledged that the arbitration was to be binding and enforceable upon the parties. William F. Hunter, Jr., was selected by the parties to be the sole arbiter.
Hunter took testimony, examined contract documents and plans, viewed the construction site and rendered his arbitration award. David Nathanson declined to be bound by the arbitration award and instituted an action against the defendants for breach of contract. Nathanson’s affidavit contains statements which, if true, might be sufficient to deny confirmation of the award on the grounds set forth in F.S.A. § 57.22.
The defendant, Kest, by answer, set forth the arbitration agreement and the award and moved pursuant to F.S.A. § 57.21 for confirmation of the award.
Florida adopted an arbitration code as Laws of Florida, 1957, chapter 57-402. Said chapter by section 23 thereof repealed all laws in conflict therewith and is now a part of Florida Statutes as sections 57.10 through 57.31, inclusive. Accordingly, the provisions for arbitration now in effect, F.S.A. §§ 57.10 through 57.31, are the exclusive statutory proceedings for the determination of arbitrations where provided by contract either at the time of the execution of the contract or at the time the dispute arises.
The parties in this cause entered into a valid and binding arbitration agreement and were bound by the decision of the arbiter unless set aside in accordance with the arbitration code. An award as a result of such an arbitration could only be set aside on the basis of the grounds set forth in section 57.22. Bohlmann v. Allstate Insurance Co., Fla.App.1965, 171 So. 2d 23. The Court in the case of Arnold’s Restaurant, Inc. v. Larson, Fla.App. 1963, 149 So.2d 380, was not called upon to consider the issue raised in this appeal.
Accordingly, the cause is reversed with directions that the court consider the Nathanson complaint as an application to vacate the award of the arbiter, the answer and counterclaim of Kest as a request to confirm the award and proceed to determine the issues in accordance with the provisions of F.S.A. §§ 57.10 through 57.31, inclusive.
Coronet Kitchens, Inc., a subcontractor, was permitted to intervene. The final order of court should determine the dispute between Nathanson and said subcontractor.
Reversed with directions.
WALDEN, J., and STURGIS, WALLACE E. Associate Judge, concur.