291 So.2d 126 (1974)
LOPEZ & ROQUE TILE COMPANY, INC., Appellant,
v.
CLEARWATER DEVELOPMENT CORPORATION, Appellee.
No. 73-635.
District Court of Appeal of Florida, Second District.
March 6, 1974.
Kiernan & Reams, St. Petersburg, for appellant.
Harold H. Griffin, of Griffin & Uber, P.A., Clearwater, for appellee.
GRIMES, Judge.
Appellant (Lopez) worked as a subcontractor for appellee (Clearwater). A dispute arose concerning the quality of the work. Pursuant to the contract between the parties, the dispute was submitted to *127 arbitration. The facts pertinent to the disposition of this appeal are set forth below in chronological order.

July 25, 1972 Arbitration award favorable to Clearwater
August 8, 1972 Request for reconsideration of award filed by Lopez
August 31, 1972 Request for reconsideration denied by letter signed
 only by chief arbitrator
October 12, 1972 Lopez sues Clearwater for damages for breach of
 contract
November 2, 1972 Clearwater moves for confirmation of arbitration award
November 29, 1972 Arbitration board reaffirms denial of request for
 reconsideration with all members signing
February 23, 1973 Lopez moves to vacate arbitration award
June 18, 1973 Court denies Lopez's motion to vacate as being
 untimely and confirms arbitration award

The Florida Arbitration Code provides in part:
"682.10 Change of award by arbitrators or umpire.  On application of a party to the arbitration, or if an application to the court is pending under §§ 682.12, 682.13 or 682.14, on submission to the arbitrators, or to the umpire in the case of an umpire's award, by the court under such conditions as the court may order, the arbitrators or umpire may modify or correct the award upon the grounds stated in § 682.14(1)(a) and (c) or for the purpose of clarifying the award. The application shall be made within twenty days after delivery of the award to the applicant. Written notice thereof shall be given forthwith to the other party to the arbitration, stating that he must serve his objections thereto, if any, within ten days from the notice. The award so modified or corrected is subject to the provisions of §§ 682.12-682.14.
* * * * * *
"682.12 Confirmation of an award.  Upon application of a party to the arbitration, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in §§ 682.13 and 682.14.
* * * * * *
"682.14 Modification or correction of award. 
(1) Upon application made within ninety days after delivery of a copy of the award to the applicant, the court shall modify or correct the award when:
(a) There is an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
* * * * * *
(c) The award is imperfect as a matter of form, not affecting the merits of the controversy.
* * * * * *"
F.S. 682.13, F.S.A. provides that upon application of a party within ninety days of an arbitration award, the court shall vacate the award when certain specified circumstances are shown.
Lopez contends that its request for reconsideration was an application for modification under F.S. 682.10, F.S.A., which, until acted upon, would have the effect of tolling the time for moving to vacate the award. Asserting that the request was not legally disposed of until the entry of an order signed by all three arbitrators, Lopez points out that its motion to vacate was filed within ninety days of this occurrence. This is analogous to the proposition that under the Florida Appellate Rules a timely and proper motion for rehearing prevents a final judgment from becoming "rendered" until it is disposed of.
The argument must be rejected for two reasons. First, the request for reconsideration could not be considered a proper application for modification under F.S. 682.10, F.S.A., because the grounds asserted in the request were substantive and not within the scope of those permitted in the statute as grounds for an application for modification.
Second, even if the request for reconsideration could be considered as a *128 proper application for modification, there is no provision in the Florida Arbitration Code which has the effect of staying the time for moving the court to vacate an award pending an application for modification before the arbitration board. Since Lopez failed to move to vacate the award within ninety days of July 25, 1972, the award was ripe for confirmation under F.S. 682.12, F.S.A.
In view of the circumstances set forth above, it is unnecessary for us to decide whether the rejection of the request for reconsideration on August 31, 1972, was valid in absence of the signatures of the other two arbitrators.
Since Lopez filed suit for breach of contract within ninety days of the arbitration award, there remains the question of whether its complaint could be construed as a motion to vacate under F.S. 682.13, F.S.A. Our sister court in Kest v. Nathanson, Fla.App.4th, 1966, 184 So.2d 690, considered a complaint for breach of contract as an application to vacate an arbitration award. However, the question of timely filing was not in issue, and the complaint was apparently accompanied by an affidavit containing statements which, if true, might be sufficient to deny confirmation of the award under the Florida Arbitration Code.
Where, as here, one of the parties to arbitration thereafter totally ignores the proceeding and files a suit without any mention thereof, we cannot see how the complaint could properly be considered a motion to vacate the arbitration award. The first time any reference to the arbitration proceeding appears in the court file is on November 2, 1972, when Clearwater moved for confirmation. At that point, more than ninety days had elapsed from the entry of the award.
The judgment is affirmed.
MANN, C.J., and McNULTY, J., concur.