**In the Matter of PACRE CORP., Debtor.**

**Basil S. YANAKAKIS and Nancy B. Yanakakis, his wife, Plaintiffs,**

v.

**PACRE CORPORATION, Debtor-In-Possession, and the Keyes Company, Defendants,**

v.

**ROYAL TRUST BANK OF MIAMI, N. A., a banking corporation, Third Party Defendant.**

Bankruptcy No. 82–00004–BKC–SMW. Adv. No. 82–0046–BKC–SMW–A.

United States Bankruptcy Court, S. D. Florida.

June 17, 1982.

Todd DerOvanesian, Jr., Miami, Fla., for Yanakakis.

Jill Nexon, Miami, Fla., for Royal Trust Bank.

Chad P. Pugatch, Fort Lauderdale, Fla., for Pacre Corp.

Bruce Friedlander, Miami, Fla., for The Keyes Co.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come on to be heard upon an Adversary Proceeding pursuant to Part VII of the Interim Bankruptcy Rules seeking various equitable relief and damages, and the Court having determined through its Order on Pre-Trial Conference rendered April 27, 1982, that trial of this action should be bifurcated, with the Court first trying Count VI of the Plaintiffs' Amended Complaint and Count VII of the Defendant's Amended Counterclaim, to determine whether this Court should vacate or confirm the Arbitrator's Award rendered in Case No: 80–22474–CA–20, In the Circuit Court of the 11th Judicial Circuit, In and For Dade County, Florida. This Court tried the issues raised by the aforesaid Counts commencing on April 29, 1982, and the Court, having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel; and, being otherwise fully advised in the premises, does hereby make the following findings of Fact and Conclusions of Law:

On or about January 11, 1980, the Plaintiffs', Basil S. Yanakakis and Nancy B. Yanakakis, his wife (hereinafter referred to as "Yanakakis") entered into a Contract for Purchase and Sale with Defendant, Pacre Corporation, the Debtor herein (hereinafter referred to as "Pacre"), pertaining to a luxury single family home located in the Cocoplum Section of Coral Gables, Florida. The Third Party Defendant, Royal Trust Bank (hereinafter referred to as "Royal Trust") had issued a construction mortgage loan upon said property to Pacre which loan was convertible to a permanent mortgage to be assumed by Yanakakis.

The Third Party Defendant, Royal Trust, is not directly involved in the relief sought in the Counts which came on for trial but, because the issues to be determined herein bear on the remaining portions of this action participated in the presentation of evidence, examination of witnesses, and argument at trial.

After several delays in the completion and closing date of the property, a dispute developed between Pacre and Yanakakis as to the completion and closing of the property and, ultimately, Yanakakis filed a Complaint for specific performance and equitable relief in the Circuit Court of the 11th Judicial Circuit, In and For Dade County, Florida, Case No: 80–22474.

At that time, it became apparent that Royal Trust, through Mr. James Wilson, its

Vice President, and the officer in charge of this loan, was becoming upset with the conduct of the parties and concerned for the completion of the property which might having bearing on its construction mortgage loan. Mr. Wilson thus summoned the parties to the Royal Trust Bank in January of 1981, for a meeting to attempt to resolve the various issues and with the apparent end of obtaining the completion of the property and closing of the purchase.

At the meeting, the clear weight of the testimony presented at trial establishes that the bank in one form or another threatened foreclosure of the property if the parties did not resolve their disputes. After some negotiation and discussion, arbitration was proposed as a means of resolving the dispute, with James Wilson of Royal Trust to act as the arbitrator.

The officers of Pacre contended, and their testimony was supported by their former counsel at the time of these occurrences that the tenor of the meeting was such that they were not left with a real choice but to agree to arbitration in view of the pressures being exerted by the bank.

Mr. Wilson, in agreeing to act as arbitrator, made it clear, on the basis of the testimony presented concerning the occurrences at this meeting, that his purpose in acting as arbitrator was to, in effect, adjust the debits and credits pursuant to the contract of the parties in order to accomplish the completion and closing of the property as expeditiously as possible. In this regard, the bank indicated it would take over the supervision of the completion of the property with the goal being to complete the construction and arbitrate as quickly as possible.

As a result of this meeting, the parties entered into a Stipulation for Arbitration in the aforesaid State Court Proceeding with "Mr. James Wilson to act as an arbitrator with respect to the interpretation, implementation, completion, and closing of the contract, together with the specifications and addenda pertaining thereto which were entered into between the parties." The Stipulation was entered into on February 3,

1981. On February 6, 1981, Mr. Wilson, on behalf of the bank, filed a document entitled *Re: Stipulation for Arbitration* wherein it was pointed out that the bank had a financial interest in the subject property and further indicating that the bank agreed to allow Mr. Wilson to act as arbitrator "with respect to the interpretation, implementation, completion, and closing of the contract, together with the specifications and addenda pertaining thereto which were entered into between the parties." Based thereon, the Circuit Court, on February 8, 1981, rendered its Order on Stipulation for Arbitration which provided in applicable part that:

"James Wilson be, and he is hereby appointed arbitrator to make findings, determinations and decisions with respect to all issues presented by this cause, including but not limited to, the interpretation, implementation, completion, and closing of the contract together with the specifications and addenda pertaining thereto which were entered into between the parties. All decisions of the arbitrator will be binding and final."

After a delay of a number of months, in which the property was never completed to the point that a Certificate of Occupancy could be obtained, the arbitration hearing was finally conducted in two separate sessions held in October of 1981. The arbitrator's decision was rendered on November 24, 1981.

At the hearings, the Yanakakis's were represented by counsel. Pacre proceeded without benefit of counsel. To the point when the hearings were commenced, there had been no agreement as to procedural format for the arbitration hearings and no further agreement was reached as to the scope of the proceedings other than as set forth in the Stipulation and Order referenced above as well as the meeting at Royal Trust in January of 1981. In fact, the transcript of the arbitration hearings makes it clear that a discussion of the scope of the proceedings was held at the outset, with counsel for the Yanakakis's pressing for damages and other elements of relief apart

from the closing of the contract, and the representatives of Pacre objecting thereto. Ultimately, the arbitrator, Mr. Wilson, referred back to the Stipulation and Order as governing his decision and the hearings were commenced.

Based upon this brief outline of the facts, as well as the lengthy testimony at trial and numerous documents introduced into evidence, the Court must now determine whether the arbitrator's decision rendered on November 24, 1981, should be vacated or confirmed. The parties agree that this proceeding is governed by the provisions of the Florida Arbitration Code, as contained in Chapter 682 of the Florida Statutes. *Florida Statutes* § 682.13(1) sets forth quite specifically the grounds for vacating an arbitration award:

"(1) Upon application of a party, the court shall vacate an award when:

(a) The award was procured by corruption, fraud or other undue means.

(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party.

(c) The arbitrators or the umpire in the course of his jurisdiction exceeded their powers.

(d) The arbitrators or the umpire in the course of his jurisdiction refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 682.06, as to prejudice substantially the rights of a party.

(e) There was no agreement or provision for arbitration subject to this law, unless the matter was determined in proceedings under § 682.03 and unless the party participated in the arbitration hearing without raising the objection."

As set forth herein, the Court finds that the arbitrator's decision in the aforesaid Case No: 80–22474 should be vacated based upon Subsections (b) and (c) of *Florida Statutes* § 682.13(1).

It is abundently clear from the evidence and testimony of records that Mr. Wilson, the arbitrator, exceeded his powers in the course of his jurisdiction. The decision rendered and relief accorded is so far beyond the scope of the issues presented by the complaint which resulted in the Stipulation for Arbitration as to lead the Court to believe that the arbitrator did not have a clear concept of what he was empowered to decide. In fact, Mr. Wilson testified at trial that he had not even read the State Court Complaint prior to making his decision or hearing the evidence presented in the course of the arbitration hearings.

Almost paragraph by paragraph, the relief accorded in the decision exceeds the scope of his powers. From the Stipulation and Order, as well as the January, 1981 meeting, it is evident that the intent of the parties was to adjust debits and credits pursuant to the contract and provide for a closing after completion of the property. This based upon a contract which authorized as remedies for the seller's default, either enforcement of the contract (i.e., specific performance) or return of deposit money. The arbitrator's decision awards substantial damages to Yanakakis in the amount of Ninety Five Thousand Dollars ($95,000.00) over and above the return of deposit monies and, further, give Yanakakis the option to close on the property and receive credits of One Hundred Seventy Four Thousand Dollars ($174,000.00), or elect not to close and receive substantial damages. The award of the arbitrator further ordered Pacre to clear title to the property including various liens, and provided for a finding of contempt of court in the event that the monetary decisions and clearing of liens were not complied with by a specified date. The decision further decreed a judicial sale of the property in the event of a non-compliance.

In rendering these Findings and Conclusions, the Court fully understands that the relief to be accorded through an arbitration proceeding need not conform concisely to the relief which might be accorded in a court of law. However, based upon the

testimony and evidence presented at trial and a review of the arbitrator's decision in comparison with the intent of the parties, the Court cannot help but conclude that the decision violated the provisions of *Florida Statutes* § 682.13(1)(c).

██ Based upon the decision itself, as well as evidence presented at trial concerning the relationship between the arbitrator, James Wilson, and the purchasers, Yanakakis, there is evidence of partiality by the arbitrator or misconduct prejudicing the rights of a party so as to make the decision violative of *Florida Statutes* § 682.13(1)(b) as well. The bank was extremely interested in obtaining the financial business of Yanakakis, who are apparently very wealthy individuals and, in fact, during the course of the period leading up to the arbitration, commencing shortly after the decision to arbitrate, Yanakakis maintained deposits with Royal Trust in excess of Two Hundred Thousand Dollars ($200,000.00), with an additional Two Hundred Thousand Dollars ($200,000.00) being deposited during the period between the hearings and decision. Further, there were certain social meetings and luncheons apparently occurring wherein the bank had as its ultimate goal the solicitation of the business of Yanakakis.

In the case of *Gaines Construction Co. v. Carol City Utilities, Inc.*, 164 So.2d 270 (3rd D.C.A.Fla.1964), it was held in construing the predecessor to *Florida Statutes* § 682.13(1)(b) that arbitrators exercise judicial functions and, thus, are in fact judicial officers. Every safeguard possible should be utilized to insure the utmost fairness and impartiality of those charged with the determination of the rights of the parties. Thus, conduct showing bias or partiality amounts in law to misconduct which would warrant the setting aside of an arbitration award. The Court, citing *Cassara v. Wofford*, 55 So.2d 102 (Fla.1951). held that:

> "Generally, to disqualify an arbitrator it need not be shown that bias influenced his judgment, but only that there was a circumstance tending to bias that judgment."

The Court, in *Gaines, supra*, equated the position of the arbitrator to one of a juror, with a requirement that he be no less impartial.

The Court here can in no way other than circumstantially infer what effect the relationship between Yanakakis and Royal Trust may have had on the arbitrators decision. But based upon the degree to which that decision exceeds the scope of his powers as arbitrator, the Court must find that there was evident partiality and possible misconduct prejudicing the rights of Pacre. There is certainly enough of an appearance of impropriety here to determine that the neutrality of the arbitrator is in question, thus destroying his usefulness within the test set forth in *Gaines*. The Court acknowledges here that the relationship of the arbitrator to a party of financial interest in the litigation, Royal Trust, was disclosed. However, this disclosure, the Court finds, in no way limited the duty of the arbitrator to remain neutral and impartial.

Based upon the foregoing, the Court finds in favor of Pacre that the arbitrator's decision of November 24, 1981, should be vacated pursuant to *Florida Statutes* § 682.13(1)(b) and (c). A Final Judgment will be entered in accordance with these Findings of Fact and Conclusions of Law.