# VIHLEN BROTHERS GENERAL CONTRACTORS v BELTRAN

## Case No. 90-46131 CA 25

Eleventh Judicial Circuit, Dade County

June 4, 1991

## OPINION OF THE COURT

PHILIP BLOOM, Circuit Judge.

### *ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF*

THIS CAUSE duly came before the Court on Plaintiff's Motion for Summary Judgment on April 30, 1991. The Court heard oral argument of respective counsel after having reviewed the pleadings, motion, moving affidavit of Charlie Roberson with letters, punch list and other attachments thereto, citations, affidavit of Sean L. Fisher in opposition, and all other matters properly brought to the Court's attention.

Defendant's principal opposition to the granting of summary judgment in behalf of Plaintiff is that a triable issue is presented by Mr. Fisher's (the sole arbitrator) opposing Affidavit, specifically paragraph 4 thereof, such as to constitute waiver and estoppel. According to that affidavit:

> "4. On the morning of the first day of the hearing, claimant Vihlen Brothers called as a witness a Mr. Robert Baker. I did not recognize the name but as soon as Mr. Baker entered the room, I recognized him as the electrician working on my house. Mr. Baker did not recognize me until I stopped the proceeding and told everyone that I knew Mr. Baker, that he was doing work on my house and that though I was having a problem with my own contractor, *it did not involve Mr. Baker.* Having said that to the parties and their counsel, I offered to recuse myself from hearing the case. Both parties indicated that they understood the circumstances and that they wanted me to continue hearing the case. After that, I heard testimony presented by Vihlen Brothers counsel through Mr. Baker and the hearing proceeded for another day and one-half without objection." (emphasis added)

It should be observed that waiver and estoppel have not been raised as affirmative defenses, and cannot now be raised in opposition to summary judgment. A party who opposes summary judgment will not be permitted to alter the position of his or her previous pleadings, admissions, affidavits, depositions or testimony in order to defeat a summary judgment. *Inman v Club on Sailboat Key, Inc.,* 342 So.2d 1069, 1070 (3DCA 1977); see also *reina v Gingerale Corp.,* 472 So.2d 530, 531 (3DCA 1985). Mr. Fisher's affidavit attempts to raise paper issues which do not go to the heart of this matter and are legally insufficient to defeat a motion for summary judgment.

The rules of the American Arbitration Association require disclosure *at the time of appointment of the neutral arbitrator:*

> "Any person appointed as neutral arbitrator shall disclose to the AAA any circumstance likely to affect impartiality, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the parties or their representatives."

Mr. Fisher's affidavit goes on to state in paragraph 7, that he was aware *at the time of his appointment* of his "own personal problem," but did not reveal that problem as being the very same that he was then arbitrating:

> "My dispute with my own contractor had absolutely no effect or

196

influence upon my consideration of the instant case. If I felt that *my own personal problem* would effect my impartiality as an arbitrator, I would not have accepted the appointment as an arbitrator in this case." (emphasis added)

Yet, Mr. Fisher's extensive 5 page single spaced letter of December 21, 1989, reveals Mr. Fisher's real inner feelings. It is a letter of complete frustration accusing Plaintiff's important witness, electrician Mr. Baker, of engaging in a "Mutt and Jeff routine," demanding that Mr. Baker be kicked off the job; and lamenting about "the crap" Fisher has been putting up with. Yet, when Mr. Fisher recognized electrician Mr. Baker at the subject arbitration hearing as a witness, he revealed (according to his present affidavit) that his own dispute did not involve Mr. Baker!

The parties to an arbitration proceeding have every right to expect fair and impartial consideration of their claim. The Plaintiff did not know at the time the arbitration was about to commence, that the sole arbitrator (Sean Fisher) was *at that very time* involved in *the very same kind of dispute* that he was then about to arbitrate, and later that his own dispute also involved electrician Baker. The letters from that arbitrator and his wife, are the most prejudicial imaginable; those letters show a *mind set* against contractors and against the very same electrician Mr. Baker.

The parties to an arbitration should not be confronted with endless hearings about the sole arbitrator's (im)partiality, or disclosures or possible waivers during the arbitration hearing, or prolonged litigation and inordinate expenses which will frustrate a fair, expeditious, and inexpensive arbitration. See *Gaines Construction Co. v Carol City Utilities, Inc.,* 164 So.2d 270 (3DCA 1964):

> "The law is well settled that arbitrators exercise judicial functions and, while not eo nomine judgments they are in fact judicial officers. 'It therefore becomes of the utmost importance that in statutory proceedings of this character, where the rights of parties are adjudicated, not by trained lawyers and judges, but by fellow business men, every safeguard possible should be thrown about the proceedings to insure the utmost fairness and impartiality of those charged with the determination of the rights of the parties.' " (at p. 272)

* * *

> "In 5 Am. Jur., Arbitration and Award, Subsection 98, p. 594, we find the following:

> > 'Generally, to disqualify an arbitrator it need not be shown that

197

bias influenced his judgment, but only that there was a circumstance tending to bias that judgment.' " (at p. 272)

\* \* \*

"An arbitrator is required to be no less impartial than a juror sitting in the trial of a case. If he fails in this his usefulness as an arbitrator is destroyed." (at p. 273)

Based on the foregoing, it is hereby ORDERED, ADJUDGED and DIRECTED that

1. This Court has the power and duty to vacate an arbitration award under Section 682.13, F.S., specifically Section 682.13(b), F.S.

2. Plaintiff's motion for summary final judgment is hereby granted.

3. The arbitration award entered August 20, 1990, in Case No. 32-110-0125-90-RR, In the Matter of Arbitration between Vihlen Brothers General Contractors and Mr. and Mrs. Juan E. Beltran, is hereby set aside and vacated in all respects.

4. The matter of arbitration between Vihlen Brothers General Contractors, a/k/a Edwin U. Vihlen d/b/a "Vihlen Brothers" and Mr. and Mrs. Juan E. Beltran shall be reset and reheard before a neutral and impartial arbitrator.

5. The Court reserves jurisdiction for attorneys fees if appropriate and for costs in behalf of Plaintiff, including as to Section 682.11, F.S.

6. All parties and all concerned persons are to take notice of this Order and to abide by it.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida this 4th day of June, 1991.