593 So.2d 1196 (1992)
INTERNATIONAL INSURANCE COMPANY, Appellant,
v.
Steven M. SCHRAGER and Judith Schrager, Appellees.
No. 91-0774.
District Court of Appeal of Florida, Fourth District.
February 19, 1992.
G. Bart Billbrough and Geoffrey B. Marks of Walton Lantaff Schroeder & Carson, Miami, for appellant.
Walter G. Campbell, Jr., and Kelley Gelb of Krupnick, Campbell, Malone and Roselli, P.A., Fort Lauderdale, for appellees.
PER CURIAM.
This is an appeal by the uninsured motorist insurer from two orders of the trial court subsequent to arbitration between the insured and the insurer. We reverse the trial court's first order which approved the arbitration award and remand for proceedings consistent herewith. We conclude it unnecessary to reach the second order.
It was error for the neutral arbitrator not to be removed by the trial court, not because of any proven partiality but because of Gaines Construction Co. v. Carol City Utilities, Inc., 164 So.2d 270, 272 (Fla. 3d DCA 1964), where the court ruled that "to disqualify an arbitrator, it need not be shown that bias influenced his judgment, but only that there was a circumstance tending to bias that judgment." (emphasis in original). The court further stated:
An arbitrator is required to be no less impartial than a juror sitting in the trial of a cause. If he fails in this his usefulness as an arbitrator is destroyed.
*1197 Id. at 272-73. Factually, the arbitrator in the instant case, upon engaging in his duties, was advised that the insurer against which he was pursuing a bad faith claim on behalf of another insured was part of the same insurance group, Crum & Forster, as the instant insurer/appellant. He chose not to withdraw, and the trial court denied appellant's motion to disqualify him. We conclude that it was error for him to participate.
Any tribunal permitted by law to try cases and controversies must avoid even the appearance of partiality. Each case must be reviewed on its own facts and an arbitration award should be set aside where the panel "might reasonably be thought biased." Commonwealth Coatings Corp. v. Continental Casualty, 393 U.S. 145, 150, 89 S.Ct. 337, 340, 21 L.Ed.2d 301, 305 (1968). Florida courts have long recognized the importance of procedural safeguards to ensure the impartiality of arbitrators:
[T]he law is well settled that arbitrators exercise judicial functions, and are in fact, judicial officers... . It therefore becomes of the utmost importance that ... every procedural safeguard should be thrown about the proceedings to insure the utmost fairness and impartiality of those charged with the determination of the rights of the parties.
Cassara v. Wofford, 55 So.2d 102, 105 (Fla. 1951); see also Tassinari v. Loyer, 189 So.2d 651 (Fla.2d DCA 1966) ("Arbitration proceedings are judicial or quasi-judicial proceedings and as such are to have the same procedural safeguards as judicial proceedings even though they are not meant to be conducted with the formality of a court").
In short, the appearance of neutrality can be as important as neutrality itself because of the former's impact upon confidence in the proceedings  by the parties and by the public.
GLICKSTEIN, C.J., and WARNER and GARRETT, JJ., concur.