814 So.2d 1065 (2001)
David DEEN, Appellant,
v.
Brian OSTER, Appellee.
No. 4D01-155.
District Court of Appeal of Florida, Fourth District.
December 12, 2001.
Opinion on Denial of Rehearing March 13, 2002.
*1066 Louis C. Arslanian of Law Offices of Louis C. Arslanian, Hollywood, for appellant.
Louis David Huss of Law Offices of Louis David Huss, P.A., Miami, for appellee.
WARNER, J.
This appeal arises from the judicial confirmation of an arbitration award. Appellant alleges the court should have set aside the award because of bias on the part of the arbitrator. We hold that the allegations of the complaint were legally insufficient.
Appellant ("Deen") and appellee ("Oster") were friends who had loaned each other money over the years. In trying to resolve the amount of money owed, they agreed on the amount of money that Deen owed Oster on loans that Oster had made to Deen, but they disagreed over the amount Oster owed to Deen. In 1997, they agreed to arbitrate their dispute, which was later conducted in 2000 by Elizabeth A. Egan of the Florida Mediation Group. Neither party was represented by an attorney *1067 at the arbitration, nor was any court reporter present to transcribe the proceedings. Therefore, the arbitrator's award is the only record of what occurred.
The arbitrator found for Oster on the following reasoning:
Both parties are equally credible but their recollections differ in many respects. Most importantly, as to whether or not the debt was repaid. The documentary exhibits offered in support of DEEN'S position, while agreed to in some respects by OSTER, are contested in many material respects. Moreover, the documents do not clearly establish the significance of all of the entries appearing on these documents. Among the exhibits were transcripts of telephone conversations between the parties' accountant and OSTER. The transcripts lend little, if anything, to assist in resolving this dispute. Nevertheless, the accountant does indicate that the entire indebtedness has been repaid. Unfortunately, due to the passage of time, legally sufficient documentary evidence was no longer available to the parties to be obtained and reviewed in these proceedings.
Under Florida law, the burden is on the plaintiff/petitioner DEEN to prove by the greater weight of the evidence both the existence of the indebtedness and the amount which he is entitled. Plaintiff/petitioner DEEN has failed in both respects.
IT IS THEREFORE THE RULING OF THE UNDERSIGNED THAT THIS BINDING ARBITRATION DECISION BE IN FAVOR OF OSTER AND AGAINST DEEN.
Deen filed a complaint in circuit court challenging the arbitrator's decision. He alleged that the arbitration proceedings were governed by section 44.104, Florida Statutes (2000), which required compliance with the Florida Evidence Code. Since the only proof offered that Oster repaid any of the loans was a transcript of conversations between an accountant and Oster which constituted inadmissible hearsay, the arbitrator's decision was contrary to Florida law. After the initial complaint was filed, the arbitrator telephoned Deen directly, even though she knew at the time he was represented by an attorney. The arbitrator told Deen she had learned from a conversation with Oster that the underlying action to vacate the award had been filed. The arbitrator attempted to dissuade Deen from pursuing the vacation of the award.
Upon learning of the arbitrator's call to Deen, Deen's attorney called the arbitrator to inform her not to speak with his client. The arbitrator then tried to dissuade the attorney from pursuing the action, telling him that she should not have written an opinion in the case discussing the evidence or the transcript because then Deen would have no basis for appeal. She also told the attorney that he had no basis for the appeal.
Based upon the foregoing conversations, the attorney filed an amended complaint alleging that the award was a result of bias on the part of the arbitrator and should be vacated. After the amended complaint was dismissed and the court determined that the arbitration was governed by chapter 682, Florida Statutes (2000), Deen filed a second amended complaint containing similar allegations to the first amended complaint but with several additions which are not at issue in this appeal.
Oster again moved to dismiss on various grounds. He also moved to confirm the arbitrator's decision. Although the trial court stated that the arbitrator's postaward telephone calls and discussion of the case were "an ethical breach" and could be a basis for discipline, it was not sufficient *1068 to justify setting aside the award. The court dismissed the complaint with prejudice, and Deen filed this appeal.
A very high degree of conclusiveness attaches to an arbitration award. See Charbonneau v. Morse Operations, Inc., 727 So.2d 1017, 1019 (Fla. 4th DCA 1999). Courts do not review findings of fact contained in an arbitration award or attempt to substitute their judgment for that of the arbitrator. See id. at 1019-20. However, the Florida Arbitration Code, chapter 682, provides for several bases upon which a court can vacate an award. One is if "[t]here was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party." § 682.13(1)(b), Fla. Stat. (2000). This section requires an arbitrator to avoid even the appearance of partiality. See Int'l Ins. Co. v. Schrager, 593 So.2d 1196, 1197 (Fla. 4th DCA 1992). Therefore, an arbitration award must be set aside upon the "showing of circumstances which would reasonably tend to bias the judgment of an impartial arbitrator." Boyhan v. Maguire, 693 So.2d 659, 662 (Fla. 4th DCA 1997).
Deen's allegations of an ex parte conversation between Oster and the arbitrator after the arbitration proceedings were concluded and the action to vacate the award had been filed do not constitute legally cognizable grounds of bias sufficient to vacate the award. Even if we assume that the arbitrator and Oster discussed the factual basis of the award, it does not show bias in the entry of the award. There are no allegations of any sort that the arbitrator had any ex parte conversations with Oster while the matter was pending before her. The only conversations occurred after the arbitrator's award was made and after all proceedings before the arbitrator had terminated.
Moreover, the allegations regarding the arbitrator's comments on the merits of the ruling show no evidence of bias. Instead, her comments to Deen's attorney that the ruling was correct and that there was no basis for the appeal simply evidence her belief in the correctness of the result. One should expect any arbitrator or judge to believe in the correctness of the judgment he or she entered.
Evidence of "evident partiality" of an arbitrator's award has been shown where the arbitrator had a prior relationship with one of the parties involved. See, e.g., Schrager, 593 So.2d at 1197 (where the arbitrator was pursuing a bad faith claim against the same insurance group that was a party to the arbitration proceeding). Here there was no evidence of any prior relationship, nor of any ex parte communications prior to the entry of the award.
We would hasten to add that even after an award is made, if a proceeding is pending to vacate the award, the arbitrator should avoid any ex parte contact with the parties, because under very limited circumstances the arbitration award may be vacated for another hearing in front of the arbitrator. See, e.g., § 682.13(3), Fla. Stat. (2000). Moreover, we think it is highly unprofessional for the arbitrator to call Deen's attorney to try to convince him not to continue with the appeal. Nevertheless, the allegations do not show partiality of the arbitrator in the award itself. As such, the trial court did not err in concluding that the allegations of the complaint were legally insufficient to warrant vacation of the award.
Appellant also challenges the statutory scheme dealing with arbitration. Section 44.104 which allows for arbitration requires the application of Florida Evidence Code, while arbitration pursuant to chapter 682 does not. Appellant claims that being forced to proceed under one *1069 and not the other violates equal protection. The record is insufficient to determine whether appellant objected at the hearing to proceed under chapter 682 or made objections when evidence not admissible under the Florida Evidence Code was allowed. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979). Without such, the issue is waived.
Affirmed.
POLEN, C.J., and GUNTHER, J., concur.

ON MOTION FOR REHEARING
WARNER, J.
In his motion for rehearing, appellant takes exception with our statement that the arbitrator's conduct in contacting appellant's attorney took place after the arbitration proceedings concluded. He points to his letter requesting that the arbitrator reconsider the award on the basis that the arbitrator admitted inadmissible evidence to prove that the arbitration was not final. However, there is no procedure under the rules of arbitration for requests for reconsideration. See §§ 682.01-.22, Fla. Stat. (2000); Lopez & Roque Tile Co. v. Clearwater Dev. Corp., 291 So.2d 126, 127-28 (Fla. 2d DCA 1974). The letter also could not be considered a proper application for modification under section 682.10. See Lopez, 291 So.2d at 127-28. Therefore, the arbitration proceedings had terminated at the time that the objectionable calls were made.
Appellant's continued contention that the arbitrator's conduct constituted bad faith and bias sufficient to warrant disqualification and reversal is rejected. The arbitrator's reaction to the challenge of her award is not sufficient to show the type of evident partiality required by the statute. See Boyhan v. Maguire, 693 So.2d 659, 663 (Fla. 4th DCA 1997) (holding that the arbitrator's reaction to the evidence was not the type of extrinsic, or improper, bias required by the statute for vacation of an award).
The motion is denied.
POLEN, C.J., and GUNTHER, J., concur.